UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUSTIN FLORES APODACA, | Civil Action No. 23-3610 (KMW) |
| Petitioner, | |
| v. | MEMORANDUM ORDER |
| WARDEN STEVIE M. KNIGHT, | |
| Respondent. | |

This matter comes before the Court on Petitioner Agustin Flores Apodaca's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 4). By way of background, in his petition, Petitioner sought to challenge his designation as being ineligible for credits under the First Step Act and to be awarded credits under the act.

In its response to Petitioner's habeas petition, the Government filed a letter in which it informs the Court that the BOP has re-examined Petitioner's case and found him eligible to accrue credits under the FSA. (ECF No. 4 at 1-2.) The BOP therefore awarded him credits, and Petitioner was released from BOP custody on August 7, 2023. (*Id.*) As a result of Petitioner being awarded credits and being released, the Government contends that this matter is now moot. (*Id.*)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, where events provide a petitioner with the relief he sought and render a habeas

1

petition incapable of providing meaningful relief, that petition must be dismissed as moot. *See, e.g., Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012); *Sanchez v. Att'y Gen.*, 146 F. App'x 547, 549 (3d Cir. 2005).

In this matter, Petitioner sought only to be declared eligible for FSA credits and to receive such credits towards his release. As the records submitted by the Government (ECF No. 4-1) clearly indicate that Petitioner was deemed eligible, awarded credits, and ultimately released from BOP custody as a result of those credits, it is clear that Petitioner has received the relief he sought and this Court no longer has a meaningful opportunity to provide him with relief. As such, this matter is now moot and must be dismissed as such.

**IT IS THEREFORE** on this 18th day of August, 2023,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge